UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re: Robert and Diane Hinkle          Case No. _____

Debtor(s)

# NOTICE

The following plan proposed by the debtor contains provisions which may significantly affect your rights. If you need additional information to determine how your rights might be affected, you may attend the meeting of creditors, obtain copies of schedules and statement of affairs from the court's Web site at www.waeb.uscourts.gov, or seek the advice of an attorney.

A creditor who wishes to oppose the plan may do so by filing a timely objection to the plan. Any objection must be in writing, filed with the court and served upon the debtor, debtor's counsel (if any), and the Chapter 13 Trustee within twenty-eight (28) days following service of the plan or within seven (7) days following the conclusion of the meeting of creditors, whichever is later. The provisions of the confirmed plan will bind the debtor and each creditor, whether or not they have filed a proof of claim.

A proof of claim must be filed by or on behalf of each creditor, including secured creditors, in order for the creditor to be eligible to be paid by the Trustee. The Trustee will treat the amount stated on the filed proof of claim as the amount of a creditor's claim unless otherwise determined by order of the court. See the notice of commencement of case for the claims bar date, the date by which a proof of claim must be filed in order to be treated as timely filed.

Certain pre-confirmation distributions are authorized to be made by the Trustee based on provisions in the plan. Once the plan is confirmed, the Trustee will make payments based only on the proof of claim. Where no proof of claim is filed, no further distributions will be made.

# CHAPTER 13 PLAN

Debtor proposes the following  ☑ ORIGINAL ☐ ____ (Seq. #) AMENDED Chapter 13 Plan.

I. **FUTURE EARNINGS, INCOME AND ASSETS COMMITTED TO TRUSTEE FOR FUNDING OF PLAN**

    A. Debtor shall pay the Trustee as follows:

$ 1,486.00 each month for first 60 months, commencing not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier.
$ _____ each month for next ___ months, commencing _____
$ _____ each month for next ___ months, commencing _____

B. Debtor ☐ COMMITS ☑ DOES NOT COMMIT all tax refunds to funding of the plan, except to the extent otherwise subject by law to setoff, recoupment, or alternative disposition.

C. Debtor commits the following other income and assets to funding of the plan.

<u>DATE</u>　　　　　<u>SOURCE</u>　　　　　　　<u>AMOUNT</u>

D. This plan is a: ☑ 100% Plan ☐ Base Plan/Base Amount $ _____.
[For "base plan", the base amount is the total sum of payments to be made to the Trustee over the entire plan. If the base amount is ultimately insufficient to pay those creditors required to be paid in full under the plan, (i.e. administrative expenses and/or secured, executory contract/unexpired lease, arrearage/default, priority and separate classification claims) the base amount will be increased to the extent necessary to fund the plan.]

## II. DURATION OF PLAN

Payments shall be made over a period of not less than 36 months nor more than 60 months, unless debtor pays all creditors in full in less than 36 months. Estimated length of plan is __60__ months.

## III. DISBURSEMENTS, COSTS OF ADMINISTRATION, AND CLAIMS

### A. DISBURSEMENTS MADE BY TRUSTEE

From funds received, the Trustee shall make disbursements in the sequence set forth below (sections III.A.1 through III.A.9) except as provided in section VII. (If the Trustee has insufficient funds on hand to make disbursements to all classes, the funds will be distributed as provided to the extent funds are available. Claims within a particular class which cannot be paid the proposed disbursements shall be paid a pro rata share of the funds available, except as set forth in section III.A.2.) A monthly payment of less than $15.00 on any particular claim need not be distributed, but may be accumulated and distributed each time the aggregate amount of accumulated funds is $15.00 or more. For each distribution period, the Trustee is permitted to hold back, in the same manner as set out for distribution, estimated or applied for attorney's fees as projected costs of administration.

Pre-Confirmation Payments: Prior to confirmation of the plan, the Trustee is authorized to make monthly pre-confirmation payments to creditors in the amount of the monthly disbursement set forth in sections III.A.2, III.A.3, and III.A.4. Pre-confirmation payments shall be made in the sequence set forth below.

Post-Confirmation Payments: A proof of claim must be filed by or on behalf of a creditor, including secured creditors, in order for that creditor to be eligible to be paid by the Trustee pursuant to the terms of the plan. The Trustee will treat the amount stated on the filed proof of claim as the amount of a creditor's claim unless otherwise determined by order of the court or agreement of the parties.

1. **COSTS OF ADMINISTRATION**

    a. To the standing trustee, the percentage fee fixed under 28 U.S.C. §586(e)(1)(B).

    b. To the debtor's attorney:

    - [x] A flat fee of $ __2,491.00__, based on the flat fee agreement between the debtor and the attorney in accordance with LBR 2016-1(d) and of which $ __2,000.00__ shall be paid by the Trustee as set forth below in section III.A.1.c.

    - [ ] Estimated fees of $_____, and of which $_____ shall be paid by the Trustee as set forth below in section III.A.1.c. Estimated fees shall be withheld from plan disbursements and paid by the Trustee only as allowed by the court after separate application and order in accordance with LBR 2016-1 (a), (b), and (c).

    c. Payment of Attorney Fees by Trustee from plan payments:
    The debtor's attorney will be paid all allowed fees in full before any priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/ unexpired lease, secured, and arrearage/default creditors, except as set forth below:

    - [ ] $_____ per month to the debtor's attorney for allowed fees before any priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/unexpired lease, secured and arrearage/default creditors.

    - [ ] $_____ per month to the debtor's attorney for allowed fees before any arrearage/ default, priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/unexpired lease, and secured creditors.

    - [x] Other: __pro rata after payment of secured claims__

    Nothing herein shall bar a creditor from requesting relief from stay, dismissal of the case, conversion to another chapter, or other appropriate relief if the debtor does not make payment to the Trustee as proposed by the plan.

2. **CONTINUING CLAIMS**

    Available funds shall be disbursed to each creditor in full in the order set forth below.

a.  Post-Petition Domestic Support Obligations:

To creditors having post-petition claims for domestic support obligations, which are not being collected directly from the debtor(s), regular periodic payments accruing post-petition on such obligations will be paid to such creditor by Trustee as set forth below. Arrearage will be paid as set forth in section III.A.6 (Priority Claims):

| CREDITOR | MONTHLY PAYMENT AMOUNT | MONTH PAYMENT COMMENCES |
|---|---|---|
| | | |

b.  Long Term Debts:

To creditors to whom the last payments are due beyond the term of the plan, payments shall be maintained according to the terms of the original obligation as set forth below. In the event any obligation is paid in full before the plan is complete, future funds previously devoted to such creditor will be disbursed to other creditors under the plan.

1.  Regular periodic payments accruing post-petition on real property obligations that were current as of the date of petition filing will be paid directly to such creditor by debtor as set forth in section III.B (Disbursements Made By Debtor).

2.  Regular periodic payments accruing post-petition on real property obligations that were delinquent as of the date of petition filing will be paid to such creditor by Trustee as set forth below. Arrearage will be paid as set forth in section III.A5 (Arrearage/Defaults).

3.  Regular periodic payments accruing post-petition on personal property obligations will be paid to such creditors by the Trustee as set forth below.

4.  Payments (including partial payments) received by secured creditors, other than governmental units, under this section shall be credited immediately upon receipt to the debtor's account for the month in which the payment is received. Funds received by secured creditors, other than governmental units, in excess of the regular monthly payments due on a claim shall be applied to post-petition arrearages, if any. Failure to comply with the terms of this paragraph may constitute a violation of the provisions of 11 U.S.C. § 524(i).

5.  Governmental units acting as secured creditors shall apply payments received in accordance with federal, state and other governmental laws and regulations.

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | MONTHLY PMT | MONTH PAYMENT COMMENCES |
|---|---|---|---|
| | | | |

3. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   a. <u>ASSUMPTIONS</u>

   Debtor assumes the following executory contracts and/or unexpired leases. Adequate assurance of future performance will be provided by the contract or lease payments being made according to the terms of the original obligation, and will be paid to such creditor by Trustee as set forth below. Any defaults/pecuniary losses will be paid as set forth in section III.A.5 (Arrearage/Defaults).

   | CREDITOR | TYPE OF AGREEMENT | DESCRIPTION OF PROPERTY/CLAIM | MONTHLY PMT | MONTH PAYMENT COMMENCES |
   |----------|-------------------|-------------------------------|-------------|-------------------------|
   |          |                   |                               |             |                         |

   b. <u>REJECTIONS</u>

   Debtor rejects the following executory contracts and/or unexpired leases and surrenders the property. Any allowed unsecured claim for damages resulting from such rejection shall be paid as provided in section III.A.8 (Unsecured Claims). The entry of the order confirming the plan shall terminate the automatic stay of 11 U.S.C. §362(a) as to the property surrendered, thereby allowing recovery and disposition of such property according to applicable non-bankruptcy law.

   | CREDITOR | TYPE OF AGREEMENT | DESCRIPTION OF PROPERTY/CLAIM |
   |----------|-------------------|-------------------------------|
   |          |                   |                               |

4. **SECURED CLAIMS**

   a. To creditors whose allowed secured claims will be paid within the term of the plan, each creditor shall be paid the amount of its secured claim plus interest from the date of petition filing as calculated by the Trustee at the interest rate and monthly payment set forth below. The amount of a creditor's secured claim shall be the amount stated as secured on a proof of claim filed by or on behalf of the creditor unless the court orders or the parties agree otherwise. To the extent that the amount of a creditor's allowed secured claim is determined to be less than the amount of its total claim, any portion of the claim in excess of the amount of its allowed secured claim will be treated as an unsecured claim and paid as provided in section III. A. 6 (Priority Claims), if entitled to priority under 11 U.S.C. §507, or if not, as provided in section III.A.8 (Unsecured Claims) below:

10-06655-FLK13    Doc 4    Filed 11/29/10    Entered 11/29/10 14:20:19    Pg 5 of 11

| CREDITOR | DATE DEBT INCURRED | DESCRIPTION OF PROPERTY | TOTAL CLAIM | SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT | MONTH PMT COMMENCES |
|---|---|---|---|---|---|---|---|
| Wells Fargo Auto Fin | 1/23/10 | 2007 Subaru Outback | $24,345.06 | $21,000.00 | 6.00 | $403.99 | 12/25/10 |
| Wells Fargo Auto Fin | 2/5/10 | 2002 Dodge Ram | $14,802.71 | $14,802.71 | 6.00 | $284.75 | 12/25/10 |
| Les Schwab | | tires | $1,000.00 | $1,000.00 | 6.00 | $19.24 | 12/25/10 |

    b. Debtor surrenders the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditor's claim. To the extent the collateral does not satisfy such creditor's claim, the creditor shall be treated as the holder of an unsecured claim and paid as provided in section III.A.6 (Priority Claims), if entitled to priority under 11 U.S.C §507, or if not, as provided in section III.A.8 (Unsecured Claims). The entry of the order confirming the plan shall terminate the automatic stay of 11 U.S.C. §362(a) as to the collateral surrendered, thereby allowing recovery and disposition of such property according to applicable on-bankruptcy law.

| CREDITOR | DESCRIPTION OF PROPERTY | TOTAL CLAIM | COLLATERAL VALUE |
|---|---|---|---|
| | | | |

    c. Debtor shall file a separate motion under 11 U.S.C. §522(f) to avoid the following judicial liens or non possessory, non-purchase money security interea.sts. Any claim on which the lien is avoided shall be treated as an unsecured claim not entitled to priority and paid as provided in section III.A.8 (Unsecured Claims).

| CREDITOR | DESCRIPTION OF INTEREST | EXEMPTION IMPAIRED |
|---|---|---|
| | | |

5. **ARREARAGE/DEFAULTS**

    a. To creditors to whom the last payments are due beyond the term of the plan, arrearage shall be cured at the interest rate and monthly payment set forth below.

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

    b. To creditors whose executory contracts and/or unexpired leases have been assumed, debtor will cure any default and compensate the other party to such contract and/or unexpired lease for any actual pecuniary loss at the interest rate and monthly payment set forth below.

Page 6

10-06655-FLK13    Doc 4    Filed 11/29/10    Entered 11/29/10 14:20:19    Pg 6 of 11

c.  Payments received by secured creditors, other than governmental units, under this section shall be credited immediately upon receipt to the debtor's account in payment of the secured creditors, other than a governmental unit, pre-petition arrearage claim. Failure to comply with the terms of this paragraph may constitute a violation of the provisions of 11 U.S.C. § 524(i).

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

6. **PRIORITY CLAIMS (OTHER THAN COSTS OF ADMINISTRATION)**

Unsecured creditors entitled to priority as defined in 11 U.S.C. §507, who file a proof of claim within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. §341(a) [or before 180 days after the date of the order for relief in the case of governmental units], shall be paid as provided in this section. Unsecured creditors entitled to priority in a class superior to those in a junior class, as determined by 11 U.S.C. §507(a), shall be paid in full before creditors in the junior class begin receiving payments. Priority creditors within the same class shall be paid pro rata. Unsecured creditors entitled to priority, who fail to file a proof of claim within the time set forth above, shall be paid as provided in section III.A.8 (Unsecured Claims) below.

a.  To all unsecured priority creditors, except those provided for in section III.A.6.b below, payments in full in deferred cash payments over the term of the plan as follows, unless the holder of a particular claim agrees to a different treatment.

| CREDITOR | DESCRIPTION OF CLAIM | AMOUNT OF CLAIM |
|---|---|---|
| Internal Revenue Service | 2009 income taxes | $850.00 |

b.  To the following unsecured priority creditors provided for in 11 U.S.C. §507(a)(1)(B), where the debtor has proposed a 60-month plan, payments in deferred cash payments over the term of the plan to the extent of the funds remaining after payment of administrative expenses, continuing, executory contract/unexpired lease, secured, arrearage/default, priority claims set forth in section III.A.6.a.

| CREDITOR | DESCRIPTION OF CLAIM | AMOUNT OF CLAIM |
|---|---|---|
| | | |

7. **SEPARATE CLASSIFICATIONS OF UNSECURED CLAIMS**

To unsecured creditors not entitled to priority, separately classified pursuant to 11 U.S.C §1322(b)(1), a dividend over the term of the plan pro rata as follows. (Debtor has filed with the plan an affidavit stating the basis for each separate classification.)

10-06655-FLK13    Doc 4    Filed 11/29/10    Entered 11/29/10 14:20:19    Pg 7 of 11

| CREDITOR | DESCRIPTION OF CLAIM | AMOUNT OF CLAIM |
|---|---|---|

## 8. UNSECURED CLAIMS

### a. TIMELY FILED

To unsecured creditors not entitled to priority, who file a proof of claim within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. §341(a) [or before 180 days after the date of the order for relief in the case of governmental units], a dividend over the term of plan pro rata as follows:

☐ Base Plan: Payment of their allowed claims to the extent of the funds remaining after payment of administrative expenses, continuing, secured, executory contract/unexpired lease, secured, arrearage/default, priority and separate classification claims.

☑ 100% Plan: Full payment of their allowed claims.

☐ 100% Plan: Full payment of their allowed claims .after full payment of unsecured allowed claims, then allowed unsecured claims that

pro rata payments for interest to the extent funds are available in the plan at the interest rate set forth below.

| CREDITOR | STATUTORY BASIS FOR INTEREST | CLAIM AMOUNT | INTEREST RATE |
|---|---|---|---|

### b. TARDILY FILED

To unsecured creditors, who fail to file a proof of claim within 90 days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. §341(a) [or before 180 days after the date of the order for relief in the case of governmental units], a dividend over the term of plan pro rata as follows:

SUCH CLAIMS SHALL BE TREATED AS ALLOWED CLAIMS, UNLESS DISALLOWED BY ORDER OF THE COURT, BUT SHALL BE SUBORDINATED TO TIMELY FILED CLAIMS AND PAID PRO RATA ONLY AFTER FULL PAYMENT OF TIMELY FILED CLAIMS TO THE EXTENT NECESSARY FOR THE PLAN TO COMPLY WITH 11 U.S.C. §1325(a)(4) AND 11 U.S.C. §1325(b)(1)(B).

9. **POST-PETITION CLAIMS**

Claims filed under 11 U.S.C §1305 shall be treated as follows:

   a. Claims for taxes that become payable to a governmental unit while the case is pending shall be treated as priority claims and paid as provided in section III. A. 6 (Priority Claims) above.

   b. Claims for consumer debt that arise after the date of petition filing, and that are for property or services necessary for the debtor's performance under the plan, shall be treated as timely filed unsecured claims and paid as provided in section III. A. 8 (Unsecured Claims), but only if the specific claim is provided for in a modification of the plan. The claim shall be disallowed if the creditor knew or should have known that prior approval by the Trustee of the debtor's incurring the obligation was practicable and was not obtained.

B. **DISBURSEMENTS MADE BY DEBTOR**

Debtor shall make disbursement directly to creditors as follows:

1. To creditors secured by real property whose rights are not being modified pursuant to 11 U.S.C. §1322(b)(2) and are not otherwise impaired, the secured claim of each shall be paid directly by the debtor according to the terms of the original obligation at the interest rate and monthly payment set forth below. [A secured claim is not being modified and is not impaired if all payments were current as of the date of petition filing, none of the terms of the debtor's agreement with the creditor are being changed, and the collateral had a value as of the date of petition filing equal to or greater than the net amount due.]

| CREDITOR | ADDRESS & PARCEL NUMBER | TOTAL CLAIM | PROPERTY VALUE | INTEREST RATE | MONTHLY PAYMENT | FINAL PMT DATE |
|---|---|---|---|---|---|---|
| M&T Bank | 5312 Bristol Way Ct. | $230,735.60 | $217,200.00 | 6.25 | $1,828.57 | 5/1/38 |

2. To creditors holding claims defined as domestic support obligations:

| CREDITOR | TOTAL MONTHLY PAYMENT |
|---|---|
| | |

IV. **FEES, CHARGES AND COSTS**

   A. Secured creditors, other than governmental units, shall not assess any late charges against the debtors if payments provided for by the plan to the secured creditor are current.

Page 9

10-06655-FLK13    Doc 4    Filed 11/29/10    Entered 11/29/10 14:20:19    Pg 9 of 11

B.  Secured creditors, other than governmental units, may assess only items against the debtors that are permitted to be charged under the contract. If such creditors elect to charge any fee, charge or cost against the debtors, such creditors shall file and serve notice of the charge, fee or cost on the debtors, the debtors' attorney, and the Chapter 13 Trustee. Such notice shall be filed as a supplement to the holder's proof of claim and served no later than 180 days after the charge, fee or cost is assessed.

C.  Secured creditors, other than governmental units, shall file as a supplement to the holder's proof of claim and serve on the debtors, the debtors' attorney and the Chapter 13 Trustee notice of any change in the regular monthly payment (including escrow account changes, if applicable) no later than 30 days before a payment at the new amount is due.

D.  The providing of any notices, statements or other information set forth above to the parties by secured creditors, other than governmental units, their agents or attorneys shall not be a violation of the automatic stay or privacy laws. Such information is being provided at the debtors' request and with debtors' permission.

E.  Governmental units acting as secured creditors shall comply with federal, state, and other governmental laws and regulations when assessing fees, charges and costs against a debtor.

## V.  INSURANCE

Debtor shall keep any collateral continuously insured in accordance with the terms of the original obligation with the creditor until the amount of its secured claim is paid.

## VI.  TAX RETURNS

A.  [✓] All tax returns and tax reports due pre-petition have been filed.

[ ] The following tax returns and tax reports due as of the date of petition filing have not been filed:

| TAX AGENCY | KIND OF TAX | TAX PERIOD | DATE RETURN WILL BE FILED |
|---|---|---|---|

B.  Debtor shall file all post-petition tax returns/tax reports and pay all post-petition taxes as they come due.

## VII.  COMPARISON WITH CHAPTER 7

The value, as of the date of petition filing, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Code on such date.

## VIII.  SPECIAL PROVISIONS

The plan includes the following special provisions:  Student Loans shall be paid directly by the Debtors outside of the plan.

## IX.  REVESTMENT OF PROPERTY

Property of the estate shall revest in the debtor upon confirmation of the plan, or at a later time or in another entity as follows:

☑ Dismissal or discharge only.

☐ _____

In the event the case is converted to Chapter 7, 11 or 12, property of the estate shall vest in accordance with the applicable law. Debtor shall be responsible for the preservation and protection of all property of the estate.

X.   **RETENTION OF LIENS**

Each creditor shall retain its lien or other interest in property vesting in the debtor until payment in full of the underlying debt or discharge under 11 U.S.C. § 1328.

XI.  **CERTIFICATE OF COMPLIANCE WITH LAW AND LOCAL FORM 2083**

The debtor's attorney (or the debtor if no attorney) hereby certifies under penalty of perjury that:

A.   This plan is a duplicate of the plan provided for by Local Rule 2083.

B.   This plan has been proposed in good faith and not by any means forbidden by law.

C.   This plan complies with the provisions of Chapter 13, with the other applicable provisions of Title 11, United States Code, and with all applicable national and local bankruptcy rules.

DATED: 11/27/10

Attorney for Debtor: /s/ Metiner G. Kimel

Attorney Address: 1115 W. Lincoln Ave., Ste. 105
Yakima, WA 98902

Attorney Telephone: 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

Debtor: [signature]
Debtor: [signature]